IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

QUENTIN BOOKER, et al.

  Defendants.

CRIMINAL FILE NO.
1:11-CR-255-1-TWT

ORDER

This is a criminal action. It is before the Court on the Report and Recommendation [Doc. 391] of the Magistrate Judge recommending denying the Defendant Dooley's Motion to Declare Criminal Rule 12.1 Unconstitutional [Doc. 200]. The only authority cited by the Defendant for not following Williams v. Florida, 399 U. S. 78 (1970), is a 1974 Advisory Committee Note to the first version of Rule 12.1 that was submitted to the Supreme Court. I served on the Judicial Conference's Committee on Rules of Practice and Procedure ("Standing Committee") from 2001 through 2008. Therefore, I am very familiar with the rule making process and the danger of relying too much upon Advisory Committee Notes in applying the Federal Rules. The notes are drafted by the Reporters to the Advisory Committees. The Reporters are law professors, usually the best and the brightest in their fields. But

they too often use the notes as a vehicle to expound upon the state of the law generally, rather than confining the notes to a brief statement of the need for a new rule or rule amendment. When I was on the Standing Committee, I argued – usually unsuccessfully – that the notes were too long and should be confined to a brief statement of the need for a new rule or a rule amendment. There are many problems with these long and discursive notes. The Note relied upon by the Defendant is an example of at least two of them. First, the notes are not updated to reflect events occurring after approval of the rule change by the Standing Committee. This Note was written before the Supreme Court decision in Wardius v. Oregon, 412 U.S. 470 (1973). So it is impossible to know if the Note would have been different if the Committee had had the benefit of considering that case. The Note also anticipated the adoption of certain changes to Rule 16 which did not occur. The Defendant makes the dizzying leap of logic that, because the changes to Rule 16 did not occur as anticipated, Rule 12.1 must be unconstitutional. In fact, all it means is that the Note is useless and should be ignored. Second, the Note – as here – may not correspond to the final version of the rule that is adopted. With Rule 12.1, the Supreme Court did not accept the version of the rule proposed by the Advisory Committee and changed it so that the defendant must initiate the exchange of reciprocal alibi discovery. And by the way, it is the rule that is adopted by the Supreme Court and not the Advisory

Committee Note.  Finally, I must observe that things get put into the Advisory Committee Notes for all sorts of reasons that counsel against giving much weight to isolated comments about the state of the law.  For example, while I was on the Standing Committee, if a member of one of the committees had a problem or concern about some aspect of a proposed rule amendment, it was very common for a proponent of the amendment to suggest: "Well let's put something in the note."  And it would be done unless some troublemaker like me made a big issue out of it. So, I am not inclined to declare Rule 12.1 of the Federal Rules of Criminal Procedure unconstitutional on the authority of the 1974 Advisory Committee Note.   The Court approves and adopts the Report and Recommendation as the judgment of the Court. The Defendant Dooley's Motion to Declare Criminal Rule 12.1 Unconstitutional [Doc. 200] is DENIED.

      SO ORDERED, this 7 day of June, 2013.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge